Judgment rendered May 21, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,236-CA
No. 56,244-CA
(Consolidated Cases)

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

| | |
|---|---|
| FIRST TOWER LOAN, LLC D/B/A TOWER LOAN OF WINNFIELD | Plaintiff-Appellant |

versus

| | |
|---|---|
| ROY COMBS | Defendant-Appellee |

* * * * *

*consolidated with*

* * * * *

| | |
|---|---|
| FIRST TOWER LOAN, LLC D/B/A TOWER LOAN OF WINNFIELD | Plaintiff-Appellant |

versus

| | |
|---|---|
| DEVIN PRIMM, A/K/A DEVIN MATTHEW PRIMM, A/K/A DEVIN M. PRIMM | Defendant-Appellee |

* * * * *

Appealed from the
Eighth Judicial District Court for the
Parish of Winn, Louisiana
Trial Court Nos. 47,276 and 47,539

Honorable Anastasia S. Wiley, Judge

* * * * *

| | |
|---|---|
| ROGERS, CARTER & PAYNE, LLC By: Jessica L. Greber | Counsel for Appellant |
| DEVIN PRIMM, A/K/A DEVIN MATTHEW PRIMM, A/K/A DEVIN M. PRIMM | In Proper Person |

* * * * *

Before STONE, MARCOTTE, and ELLENDER, JJ.

**ELLENDER, J.**

In these consolidated cases, First Tower Loan LLC, d/b/a Tower Loan of Winnfield, appeals 15 default judgments in which the district court rendered judgments for amounts different from those alleged in the petitions, verified in the affidavits of correctness, and stated in the proposed judgments. For the reasons expressed, we amend the judgments to conform to the records and, as amended, render. A separate opinion is issued for each borrower.

## PROCEDURAL HISTORY

Davin Primm, a/k/a David Matthew Primm or Davin M. Primm, of Dodson, La., took out a loan (Loan #1) from Tower Loan on September 22, 2021. The amount financed was $1,005.87, at a stated APR of 42.80%, requiring Primm to make 26 payments of $61.00, for a total of $1,586.00. His final payment was to be December 6, 2023, but, according to Tower Loan's petition, his last payment was on August 25, 2023, leaving an outstanding balance of $323.00. Primm took out another loan (Loan #2) from Tower Loan on April 11, 2023. The amount financed was $1,206.20, at a stated APR of 36.99, requiring him to make 10 payments of $142.00, for a total of $1,420.00. However, his last payment was on August 25, 2023, leaving an outstanding balance of $1,205.00.

Tower Loan filed this suit on March 7, 2024. On Loan #1, it sought the unpaid balance of $323.00, together with contractual interest of 35.95% per annum for one year beginning December 6, 2023, and 18% thereafter. On Loan #2, it sought the unpaid balance of $1,205.00, together with

contractual interest of 23.88% for one year beginning February 11, 2024, and 18% thereafter. The petition also prayed for late charges, court costs, collection costs, contractual attorney fees, and recognition of the security interest in the movables described in the loan agreement (Loan #1) and disclosure statement (Loan #2). Tower Loan attached an affidavit of lost note, executed by Tavarius Wilson, a supervisor with the company, certifying that the document (apparently the disclosure statement for Loan #2) was a true and correct copy of the original, which has been lost.

Primm filed no responsive pleading, so Tower Loan moved for default judgment. In support, it attached a certificate of correctness executed by Charlie Hawkins, an officer of the company. This verified that on Loan #1, the balance due was $323.00 and that the interest rate, under the loan agreement, was 35.95% for one year beginning December 6, 2023, and 18% thereafter until paid in full; on Loan #2, the balance due was $1,205.00, at 23.88% interest for one year beginning February 11, 2024, and 18% thereafter until paid in full. Tower Loan also provided a proposed judgment stating these balances due, interest rates, and other matters not germane to this appeal.

The district court rendered judgment as prayed for, by judgment date-stamped July 18, 2024. However, the minute entry for August 14, 2024, the only one in the record, incorrectly states the "court granted and signed judgment as prayed for." In the transcript, the court referred to the affidavit of lost note, stating, "One might or might not be an original[;] we can't tell as everything is in black handwriting and black print." The court signed the

2

proposed judgment but drew a line through both interest provisions, and wrote nothing in their place.[1]

Tower Loan has appealed, raising four assignments of error. Primm has not filed a brief.

## DISCUSSION

### *Compliance with Art. 1702*

By its first assignment of error, Tower Loan urges the court erred in failing to accept Tower Loan's affidavit of correctness, submitted in support of the proposed judgment, as prima facie proof of the indebtedness owed under the terms of the promissory notes, as required by La. C.C.P. art. 1702(B)(3). By its second assignment, Tower Loan urges the court erred in failing either to sign the proposed judgment or direct that a hearing be held, as required by La. C.C.P. art. 1702(C).

For the reasons expressed in *First Tower Loan v. Combs*, 45,236 (La. App. 2 Cir. 5/21/25), rendered this day, these assignments have merit. The district court lacked authority to disregard the affidavit of correctness and erred in not signing the proposed judgment.

### *Denial of Interest*

By its third assignment of error, Tower Loan urges the court erred in failing to award interest as prayed for and as mandated by La. C.C. art. 1921. By its fourth assignment, Tower Loan urges the court erred in denying the interest prayed for, in violation of La. R.S. 9:3519 and 9:3522. For the

---

[1] Unlike all the other cases, which awarded "legal interest," here the court appears to have denied any and all interest.

3

reasons expressed in *First Tower Loan v. Combs*, *supra*, these assignments have merit.

In Loan #1, the loan agreement states that the amount financed was $1,005.87. Under La. R.S. 9:3519, Tower Loan could charge 36% on this entire amount, as it does not exceed $1,400. According to the affidavit, Tower Loan's dedicated software calculated an actual contract rate of 35.95%, which is within the statutory limit. In Loan #2, the disclosure statement lists the amount financed as $1,206.20; Tower Loan could charge 36% on this entire amount as well. According to the affidavit, the dedicated software calculated an actual contract rate of 23.88%, which is also within the statutory limit. Moreover, Loan #1 was accelerated on December 6, 2023, and Loan #2, on February 11, 2024. One year after these dates, the 18% rate applied. La. R.S. 9:3522.

The district court lacked authority to deny interest on these debts. The court erred and in failing to award the interest stated in the loan instruments, the petition, and the affidavit. The judgment will be amended accordingly.

## CONCLUSION

For the reasons expressed, the principal and interest stated in the judgment are amended as follows:

> **IT IS ORDERED, ADJUDGED, AND DECREED** that there be judgment herein in favor of the plaintiff, FIRST TOWER LOAN, LLC, d/b/a TOWER LOAN OF WINNFIELD, and against the defendant, DEVIN PRIMM, a/k/a DEVIN MATTHEW PRIMM, a/k/a DEVIN M. PRIMM (SSN XXX-XX-1994): on Loan #1, in the amount of $323.00, together with interest thereon at the rate of 35.95% per annum for one year beginning December 6, 2023, and at 18% thereafter; on Loan #2, in the amount of $1,205.00, together with interest thereon at the rate of 23.88% per annum for one year beginning February 11, 2024, and at 18% thereafter.

4

In all other respects, the judgment is affirmed. All costs are to be paid by the borrower, Devin Primm, a/k/a Devin Matthew Primm or Devin M. Primm.

**AMENDED, AFFIRMED AS AMENDED, AND RENDERED**.